ORIGINAL

FILED
SEP 21 2007
U.S. COURT OF FEDERAL CLAIMS

GJ STILLSON MacDONNELL, Bar No. 126857
WILLIAM HAYS WEISSMAN, Bar No. 178976
TERESA KUO, Bar No. 235859
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.288.6347
Facsimile: 415.680.1687

Attorneys for Plaintiff
THE OUTSOURCE GROUP, LLC.

07-684 T

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THE OUTSOURCE GROUP, LLC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Case No.

**COMPLAINT FOR TAX REFUND**

**THE PARTIES**

1. Plaintiff, the Outsource Group, LLC., is a limited liability corporation whose principle place of business is located at 1646 N. California Blvd., Suite 210, Walnut Creek, California 94596. Plaintiff's Federal Employer Identification Number is 94-3286045.

2. Defendant is the United States of America.

**JURISDICTION**

3. This is an action for the recovery of federal employment taxes founded upon the Federal Insurance Contribution Act, 26 U.S.C. §§ 3101 *et seq.*, and this Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1).

**CLAIM FOR REFUND – COUNT I – TAXABLE YEAR 1999**

4. Recovery is sought of federal employment taxes paid on severance payments to involuntarily and permanently terminated employees in the taxable year ended December 31,

1999.

5. In 1999, Plaintiff initiated involuntary permanent employment termination due to reduction in workforce or worksite closure. Terminated employees were not given an opportunity to resume employment with the Plaintiff in another capacity or at a different location.

6. Plaintiff timely paid and withheld a sum of $5,871.94 for Medicare and $16,111.56 for Social Security on severance payment of $129,931.95 made in 1999.

7. Under 26 U.S.C. § 3402(o), "supplemental unemployment compensation benefit" is not subject to federal income tax withholding. "Supplemental unemployment compensation benefit" is defined under subsection (2)(A) as "amounts which are paid to an employee, pursuant to a plan to which the employer is a party, because of an employee's involuntary separation from employment . . . resulting directly from a reduction in force, the discontinuance of a plant or operation, or other similar conditions, but only to the extent such benefits are includible in the employee's gross income."

8. On or about April 1, 2002, this Court granted partial summary judgment to the plaintiffs in CSX Corp. v. United States, 52 Fed. Cl. 208 (2002), and found that payments pursuant to an employer's reduction in force qualify as supplemental unemployment benefit under 26 U.S.C. § 3402(o) are not "wages" and not subject to Medicare and Social Security taxes imposed by the Federal Insurance Contribution Act. Subsequently, the Court issued a supplemental decision on or about June 26, 2006 in CSX Corp. v. United States, 71 Fed. Cl. 630 (2006), clarifying that supplemental unemployment compensation benefits made to employees who are involuntarily and permanently terminated without the opportunity to resume employment in another capacity or to remain on furlough are not subject to Medicare and Social Security taxes imposed by the Federal Insurance Contribution Act.

9. On or about September 27, 2002, Plaintiff filed a Form 843, Claim for Refund and Request for Abatement, with the Department of the Treasury at Ogden, Utah, and cited to CSX Corp. v. United States as a basis for seeking a refund of federal employment taxes already paid and withheld on severance payment made to terminated employees in 1999. A true and correct copy of the Plaintiff's Claim for Refund and Request for Abatement for taxable year 1999 is attached as

Exhibit A and incorporated herein.

10. On or about June 10, 2004, Ms. Charlesetta Cooper from the Internal Revenue Service's Oakland, California, office notified the Plaintiff in writing of the receipt of the protective refund claim and that the claim would be held in suspense until certain conditions are met. A true and correct copy of the letter is attached as Exhibit B and incorporated herein.

11. On or about January 5, 2005, Plaintiff filed a written appeal in response to the June 10, 2004 notice, again citing to CSX Corp. v. United States as the basis for its refund claim. A true and correct copy of the appeal is attached as Exhibit C and incorporated herein.

12. On or about September 22, 2005, the Internal Revenue Service's office at Oakland, California, informed the Plaintiff that its refund claim was disallowed in full. A true and correct copy of the denial of refund claim is attached as Exhibit D and incorporated herein.

13. Plaintiff overpaid and overwithheld a sum of $21,983.50 in federal Social Security and Medicare taxes on severance payments made to terminated employees in 1999.

14. Defendant has refused and continue to refuse to refund the taxes claimed by the Plaintiff and on the behalf of its terminated employees, and for reasons set out in its claim, Plaintiff is entitled to and hereby demand judgment against the Defendant for the full amount of $21,983.50, or such other amount as is appropriate plus interest thereon as provided by the law.

**CLAIM FOR REFUND - COUNT II – TAXABLE YEAR 2000**

15. Paragraphs 1 through 3 of this complaint are incorporated as if set forth herein.

16. Recovery is sought of federal employment taxes paid on severance payments to involuntarily and permanently terminated employees in the taxable years ended December 31, 2000.

17. In 2000, Plaintiff initiated involuntary permanent employment termination due to reduction in workforce or worksite closure. Terminated employees were not given an opportunity to resume employment with the Plaintiff in another capacity or at a different location.

18. Plaintiff timely paid and withheld a sum of $28,792.16 for Medicare and $61,495.02 for Social Security on severance payment $992,853.24 made in 2000.

ITTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
n Francisco, CA 94108.2693
415 433.1940

19. Under 26 U.S.C. § 3402(o), "supplemental unemployment compensation benefit" is not subject to federal income tax withholding. "Supplemental unemployment compensation is defined under subsection (2)(A) as "amounts which are paid to an employee, pursuant to a plan to which the employer is a party, because of an employee's involuntary separation from employment . . . resulting directly from a reduction in force, the discontinuance of a plant or operation, or other similar conditions, but only to the extent such benefits are includible in the employee's gross income."

20. On or about April 1, 2002, this Court granted partial summary judgment to the plaintiffs in CSX Corp. v. United States, 52 Fed. Cl. 208 (2002), and found that payments pursuant to an employer's reduction in force qualify as supplemental unemployment compensation benefit under 26 U.S.C. § 3402(o) are not "wages" and not subject to Medicare and Social Security taxes imposed by the Federal Insurance Contribution Act. Subsequently, the Court issued a supplemental decision on or about June 26, 2006 in CSX Corp. v. United States, 71 Fed. Cl. 630 (2006), clarifying that supplemental unemployment compensation benefits made to employees who are involuntarily and permanently terminated without the opportunity to resume employment in another capacity or to remain on furlough are not subject to Medicare and Social Security taxes imposed by the Federal Insurance Contribution Act.

21. On or about September 27, 2002, Plaintiff filed a Form 843, Claim for Refund and Request for Abatement, with the Department of the Treasury at Ogden, Utah, and cited to CSX Corp. v. United States as a basis for seeking a refund of federal employment taxes already paid and withheld on severance payment made to terminated employees in 2000. A true and correct copy of the Plaintiff's Claim for Refund and Request for Abatement for taxable year 2000 is attached as Exhibit E and incorporated herein.

22. On or about June 10, 2004, Ms. Charlesetta Cooper from the Internal Revenue Service's Oakland, California, office notified the Plaintiff in writing of the receipt of the protective refund claim and that the claim would be held in suspense until certain conditions are met. A true and correct copy of the letter is attached as Exhibit B and incorporated herein.

23. On or about January 5, 2005, Plaintiff filed a written appeal in response to the

June 10, 2004 notice, again citing to CSX Corp. v. United States as the basis for its refund claim. A true and correct copy of the appeal is attached as Exhibit C and incorporated herein.

24. On or about September 22, 2005, the Internal Revenue Service's office at Oakland, California, informed the Plaintiff that its refund claim was disallowed in full. A true and correct copy of the denial of refund claim is attached as Exhibit F and incorporated herein.

25. Plaintiff overpaid and overwithheld a sum of $90,287.18 in federal Social Security and Medicare taxes on severance payments made to terminated employees in 2000.

26. Defendant has refused and continue to refuse to refund the taxes claimed by the Plaintiff and on the behalf of its terminated employees, and for reasons set out in its claim, Plaintiff is entitled to and hereby demand judgment against the Defendant for the full amount of $90,287.18, or such other amount as is appropriate plus interest thereon as provided by the law.

## CLAIM FOR REFUND - COUNT III – TAXABLE YEAR 2001

27. Paragraphs 1 through 3 of this complaint are incorporated as if set forth herein.

28. Recovery is sought of federal employment taxes paid on severance payments to involuntarily and permanently terminated employees in the taxable years ended December 31, 2001.

29. In 2001, Plaintiff initiated involuntary permanent employment termination due to reduction in workforce or worksite closure. Terminated employees were not given an opportunity to resume employment with the Plaintiff in another capacity or at a different location.

30. Plaintiff timely paid and withheld a sum of $715,457.46 for Medicare and $665,191.44 for Social Security on severance payment of $24,670,739.84 made in 2001.

31. Under 26 U.S.C. § 3402(o), "supplemental unemployment compensation benefit" is not subject to federal income tax withholding. "Supplemental unemployment compensation is defined under subsection (2)(A) as "amounts which are paid to an employee, pursuant to a plan to which the employer is a party, because of an employee's involuntary separation from employment . . . resulting directly from a reduction in force, the discontinuance of a plant or operation, or other similar conditions, but only to the extent such benefits are includible in the

employee's gross income."

32. On or about April 1, 2002, this Court granted partial summary judgment to the plaintiffs in CSX Corp. v. United States, 52 Fed. Cl. 208 (2002), and found that payments pursuant to an employer's reduction in force qualify as supplemental unemployment compensation under 26 U.S.C. § 3402(o) are not "wages" and not subject to Medicare and Social Security taxes imposed by the Federal Insurance Contribution Act. Subsequently, the Court issued a supplemental decision on or about June 26, 2006 in CSX Corp. v. United States, 71 Fed. Cl. 630 (2006), clarifying that supplemental unemployment compensation benefits made to employees who are involuntarily and permanently terminated without the opportunity to resume employment in another capacity or to remain on furlough are not subject to Medicare and Social Security taxes imposed by the Federal Insurance Contribution Act.

33. On or about September 27, 2002, Plaintiff filed a Form 843, Claim for Refund and Request for Abatement, with the Department of the Treasury at Ogden, Utah, and cited to CSX Corp. v. United States as a basis for seeking a refund of federal employment taxes already paid and withheld on severance payment made to terminated employees in 2001. A true and correct copy of the Plaintiff's Claim for Refund and Request for Abatement for taxable year 2001 is attached as Exhibit G and incorporated herein.

34. On or about June 10, 2004, Ms. Charlesetta Cooper from the Internal Revenue Service's Oakland, California, office notified the Plaintiff in writing of the receipt of the protective refund claim and that the claim would be held in suspense until certain conditions are met. A true and correct copy of the letter is attached as Exhibit B and incorporated herein.

35. On or about January 5, 2005, Plaintiff filed a written appeal in response to the June 10, 2004 notice, again citing to CSX Corp. v. United States as the basis for its refund claim. A true and correct copy of the appeal is attached as Exhibit C and incorporated herein.

36. On or about September 22, 2005, the Internal Revenue Service's office at Oakland, California, informed the Plaintiff that its refund claim was disallowed in full. A true and correct copy of the denial of refund claim is attached as Exhibit H and incorporated herein.

37. Plaintiff overpaid and overwithheld a sum of $1,380,648.90 in federal Social

TTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

Security and Medicare taxes on severance payments made to terminated employees in 2001.

38. Defendant has refused and continue to refuse to refund the taxes claimed by the Plaintiff and on the behalf of its terminated employees, and for reasons set out in its claim, Plaintiff is entitled to and hereby demand judgment against the Defendant for the full amount of $1,380,648.90, or such other amount as is appropriate plus interest thereon as provided by the law.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff and on behalf of its terminated employees demand judgment against the United States in the sum of $1,492,913.58 or such other amount as is appropriate, plus interest and costs allowed by law, and such other relief as the Court may deem just, including the award of reasonable litigation costs incurred in this proceeding pursuant to 26 U.S.C. § 7430.

Dated: September 20th, 2007

WILLIAM HAYS WEISSMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Plaintiff
THE OUTSOURCE GROUP, LLC.

Firmwide:83072013.1 055279.1001

The
Outsource
Group

1646 N. California Blvd, Suite 210
Walnut Creek, CA 94596
Tel: 925/280-1200
Fax: 925/280-1532
http://www.tog-usa.com

September 27, 2002

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201

Dear Sir or Madam:

Attached is our form 843, Claim for Refund and Request for Abatement, for potential refunds of Social Security withheld from payments to involuntarily terminated employees in calendar year 1999. This provisional request for refund is based on the April 1, 2002 court case of CSX Corporation v. United States, No. 95-858, in which the court ruled that the above referenced payments are actually unemployment compensation payments, exempt from Social Security tax withholding.

This claim falls within the legal allowable limit of 3 years for refunds from the 1999 calendar year.

If or when the law regarding this becomes final, our company will then file a claim for actual amounts withheld during the 1999 calendar year.

Questions can be directed to our Payroll Tax Accountant, Bill Schmalle, at 925-279-7348.

Sincerely,

Kevin Grauman
President & CEO

Attachment

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

| | |
|---|---|
| Name of claimant<br>THE OUTSOURCE GROUP LLC | Your social security number |
| Address (number, street, and room or suite no.)<br>1646 N CALIFORNIA BLVD., SUITE 210 | Spouse's social security number |
| City or town, state, and ZIP code<br>WALNUT CREEK, CA 94596 | Employer identification number<br>94-3286045 |
| Name and address shown on return if different from above | Daytime telephone number<br>925-279-7348 |

1 Period — prepare a separate Form 843 for each tax period
From JANUARY 1, 1999, to DECEMBER 31, 1999

2 Amount to be refunded or abated
$ 1.00 OR MORE

3a Type of tax, penalty, or addition to tax:
☒ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☒ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

4a Request for abatement or refund of:
☐ Interest caused by IRS errors or delays (if applicable — see instructions).
☒ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ JANUARY 1, 1999 TO DECEMBER 31, 1999

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

This is a PROVISIONAL CLAIM based on the recent court ruling in case CSX Corporation v. United States, No. 95-858. dated April 1, 2002. We are claiming, provisionally, any and all amounts withheld for Social Security from payments to involuntarily laid off employees, based on this court case which indicated such payments are Unemployment Compensation and thus exempt from Social Security.

A claim with the correct total amount will follow if or when the court ruling is final.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

PRESIDENT — 9/27/2002
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) — Date

9/27/2002
Signature — Date

**For Paperwork Reduction Act Notice, see separate instructions.**

Form **843** (Rev. 1-97)

ISA
STF FED1524F

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
Washington, D.C. 20224

Area Director

1301 Clay Street, #895S
Oakland, CA 94612

Date: 06/10/2004

The Outsource Group LLC
1646 N. California Blvd, Suite 210
Walnut Creek, CA 94546

| | |
|---|---|
| **Person to Contact:** | Charlesetta Cooper<br>94-06474 |
| **Telephone:** | 510-637-3042 |
| **Fax:** | 510-637-2579 |
| **Refer Reply to:** | Protective Claims |
| **Tax Periods:** | 1999 2000 2001 |
| **SSN or EIN:** | 94-3286045 |
| **Type of Tax:** | Payroll-941 |

Dear Taxpayer(s):

We have received your protective claim(s) for the year(s) indicated above. We will hold your claim(s) in suspense until:

1. You advise us that the issue(s) giving rise to the claim(s) are resolved;
2. You fail to respond to the periodic inquiry we will send to you regarding the status of the claim(s).

When the issue(s) giving rise to the claim(s) are resolved, please promptly submit a claim with the corrected figures and any supporting information to enable us to promptly make a determination on the claim.

Please direct all correspondence regarding this matter to the above address.

Feel free to contact us at the telephone number above if you have any questions.

Sincerely,

Charlesetta Cooper

Charlesetta Cooper
Protective Claim Coordinator

Outsource Group

January 5, 2006

Ms. Charlesetta Cooper
Department of the Treasury
Internal Revenue Service
1301 Clay Street
Suite 895S
Oakland, CA 94612

Dear Ms. Cooper,

**RE: Protective Claims Previously Made for Taxpayer FEIN 94-3286045**

Thank you very much for your very diligent recent efforts on our behalf, related to the above matter. And, pursuant to your request, this letter is being directed to your attention, in the hopes that there will be an expedited resolution in this matter. We very much look forward to such.

The purpose of this letter is to lodge a formal protest, in accordance with the protocols and information that are described in IRS Publication 5 (Rev 01-1999; Catalogue # 460741) and IRS Publication # 1660 (Rev 05-2000; Catalogue # 14376Z).

In summary, the events that have occurred to date are as follows:

1. In the case of CSX Corporation v. United States, No.95-858 ("CSX Case"), three distinct sub-cases were heard by the court. Of particular relevance to this matter, though, is only one of those sub-cases – related to severance payments made to employees as a direct result of an involuntary reduction-in-force.
2. Outsource Group filed IRS Forms 843 for calendar years 1999, 2000 and 2001, the timely receipt of which was notified by the IRS to Outsource Group on 6/10/2004 (attached ***Appendix A***).
3. The IRS notified Outsource Group that its claims were denied, based upon the initial court decision in the CSX Case.
4. However, in a subsequent ruling on appeal, the prior ruling in this CSX Case was overturned, specifically relevant and on-point with Outsource Group's like claims.

Consequently, this protest appeal is being made and filed.

Certain specific information in a particular format is required to be presented (pursuant to abovementioned IRS Publication 5, paragraph "How to Prepare a Protest"), and we are happy to provide such as follows:

1) This letter is in representation of The Outsource Group, LLC ("Outsource Group"), which has its offices located at **1646 North California Blvd. Suite 210, Walnut Creek, CA 94596**. Our main telephone number is **925-280-1200**.
2) **We wish to appeal the IRS decision on our case**, thereby allowing Outsource Group to present its case to challenge the disallowance that monies paid out by Outsource Group as post employment severance should be classified as supplemental unemployment benefits.
3) In our original letter (attached ***Appendix B***), Outsource Group cited the case CSX Corporation v. United States, No.95-858. This case was initially refused by the IRS which cited their findings in that case as the sole reason in full for their decision pertaining to Outsource Group in this matter (attached ***Appendix C***).
4) Outsource Group initially timely filed several Forms 843 *Claim for Refund and Request for Abatement,* submitted for **tax years ending 12/31/1999, 12/31/2000 & 12/31/2001.**
5) The initial decision that was handed down in the CSX Case exactly mirrored our circumstances, but this **CSX Case decision was subsequently successfully appealed and was overturned by the U.S. Court of Federal Claims.**
6) In the subsequent challenge presented by CSX Corporation to the U.S. Court of Federal Claims (the successful appeal), the argument was made that monies paid in accordance with a voluntary reduction-in-force should not be classified as employment-related wages, since they were **post employment payouts**. The Court agreed with this argument. Such payments were held to be **supplemental unemployment benefits which are NOT subject to FICA and FUTA taxes**, as opposed to them being wages that are subject to FICA and FUTA taxes.
7) Based upon this successful argument having been made in the U.S. Court of Federal Claims by CSX Corporation, the initial decision by the IRS was overturned by the court. Outsource Group contends that **the circumstances of Outsource Group's claims exactly mirror the successful arguments presented by CSX Corporation in appealing their claims to not have FICA and FUTA taxes liabilities associate with reduction-in-force severance payments.**

We look forward to a speedy resolution in this matter, and again, we are very thankful for your continued diligence and professionalism in this regard.

Please feel free to contact me directly (925.279.7300 or Kevin.Grauman@OutsourceGroup.net) if you require anything additional.

Very Sincerely,

Kevin B. Grauman
President

Under the penalties of perjury, I declare that I have examined the facts stated in this protest, including any accompanying documents, and, to the best of my knowledge and belief, they are true, correct and complete.

Kevin D. Grauman
President
The Outsource Group, LLC

A

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**Washington, D.C. 20224**

**Area Director**

**Date:** 06/10/2004

**1301 Clay Street, #895S**
**Oakland, CA 94612**

**Person to Contact:** Charlesetta Cooper
94-06474
**Telephone:** 510-637-3042
**Fax:** 510-637-2579

The Outsource Group LLC
1646 N. California Blvd, Suite 210
Walnut Creek, CA 94546

**Refer Reply to:** Protective Claims

**Tax Periods:** 1999 2000 2001

**SSN or EIN:** 94-3286045

**Type of Tax:** Payroll-941

Dear Taxpayer(s):

We have received your protective claim(s) for the year(s) indicated above. We will hold your claim(s) in suspense until:

1. You advise us that the issue(s) giving rise to the claim(s) are resolved;
2. You fail to respond to the periodic inquiry we will send to you regarding the status of the claim(s).

When the issue(s) giving rise to the claim(s) are resolved, please promptly submit a claim with the corrected figures and any supporting information to enable us to promptly make a determination on the claim.

Please direct all correspondence regarding this matter to the above address.

Feel free to contact us at the telephone number above if you have any questions.

Sincerely,

Charlesetta Cooper

Charlesetta Cooper
Protective Claim Coordinator

B1

The
Outsource
Group

1646 N. California Blvd, Suite 210
Walnut Creek, CA 94596
Tel: 925/280-1200
Fax: 925/280-1532
http://www.tog-usa.com

September 27, 2002

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201

Dear Sir or Madam:

Attached is our form 843, Claim for Refund and Request for Abatement, for potential refunds of Social Security withheld from payments to involuntarily terminated employees in calendar year 1999. This provisional request for refund is based on the April 1, 2002 court case of CSX Corporation v. United States, No. 95-858, in which the court ruled that the above referenced payments are actually unemployment compensation payments, exempt from Social Security tax withholding.

This claim falls within the legal allowable limit of 3 years for refunds from the 1999 calendar year.

If or when the law regarding this becomes final, our company will then file a claim for actual amounts withheld during the 1999 calendar year.

Questions can be directed to our Payroll Tax Accountant, Bill Schmalle, at 925-279-7348.

Sincerely,

Kevin Grauman
President & CEO

Attachment

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024 B2

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

*Do not use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see* **General Instructions***).*

Please type or print

| | |
|---|---|
| Name of claimant<br>THE OUTSOURCE GROUP LLC | Your social security number |
| Address (number, street, and room or suite no.)<br>1646 N CALIFORNIA BLVD., SUITE 210 | Spouse's social security number |
| City or town, state, and ZIP code<br>WALNUT CREEK, CA 94596 | Employer identification number<br>94-3286045 |
| Name and address shown on return if different from above | Daytime telephone number<br>925-279-7348 |
| 1 Period — prepare a separate Form 843 for each tax period<br>From JANUARY 1 , 19 99 , to DECEMBER 31 , 19 99 | 2 Amount to be refunded or abated<br>$ 1.00 OR MORE |

3a Type of tax, penalty, or addition to tax:
☒ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ ____________

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☒ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

4a Request for abatement or refund of:
☐ Interest caused by IRS errors or delays (if applicable — see instructions).
☒ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ JANUARY 1, 1999 TO DECEMBER 31, 1999

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

This is a PROVISIONAL CLAIM based on the recent court ruling in case CSX Corporation v. United States, No. 95-858. dated April 1, 2002. We are claiming, provisionally, any and all amounts withheld for Social Security from payments to involuntarily laid off employees, based on this court case which indicated such payments are Unemployment Compensation and thus exempt from Social Security.

A claim with the correct total amount will follow if or when the court ruling is final.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

PRESIDENT 9/27/2002
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

9/27/2002
Signature Date

For Paperwork Reduction Act Notice, see separate instructions. Form 843 (Rev. 1-97)
ISA
STF FED1524F

B3

The
Outsource
Group

1646 N. California Blvd, Suite 210
Walnut Creek, CA 94596
Tel: 925/280-1200
Fax: 925/280-1532
http://www.tog-usa.com

September 27, 2002

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201

Dear Sir or Madam:

Attached is our form 843, Claim for Refund and Request for Abatement, for potential refunds of Social Security withheld from payments to involuntarily terminated employees in calendar year 2001. This provisional request for refund is based on the April 1, 2002 court case of CSX Corporation v. United States, No. 95-858, in which the court ruled that the above referenced payments are actually unemployment compensation payments, exempt from Social Security tax withholding.

This claim falls within the legal allowable limit of 3 years for refunds from the 2001 calendar year.

If or when the law regarding this becomes final, our company will then file a claim for actual amounts withheld during the 2001 calendar year.

Questions can be directed to our Payroll Tax Accountant, Bill Schmalle, at 925-279-7348.

Sincerely,

Kevin Grauman
President & CEO

Attachment

Form 843 (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

B4

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

*Do not use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see* ***General Instructions****).*

Please type or print

| | |
|---|---|
| Name of claimant: THE OUTSOURCE GROUP LLC | Your social security number |
| Address (number, street, and room or suite no.): 1646 N CALIFORNIA BLVD., SUITE 210 | Spouse's social security number |
| City or town, state, and ZIP code: WALNUT CREEK, CA 94596 | Employer identification number: 94-3286045 |
| Name and address shown on return if different from above | Daytime telephone number: 925-279-7348 |

1 Period — prepare a separate Form 843 for each tax period
From JANUARY 1, 19 2001 to DECEMBER 31, 19 2001

2 Amount to be refunded or abated $ 1.00 OR MORE

3a Type of tax, penalty, or addition to tax:
[X] Employment [ ] Estate [ ] Gift [ ] Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
[ ] Penalty — IRC section ▶ ____________

b Type of return filed (see instructions):
[ ] 706 [ ] 709 [ ] 940 [X] 941 [ ] 943 [ ] 945 [ ] 990-PF [ ] 4720 [ ] Other (specify)

4a Request for abatement or refund of:
[ ] Interest caused by IRS errors or delays (if applicable — see instructions).
[X] A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ JANUARY 1, 2001 TO DECEMBER 31, 2001

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

This is a PROVISIONAL CLAIM based on the recent court ruling in case CSX Corporation v. United States, No. 95-858. dated April 1, 2002. We are claiming, provisionally, any and all amounts withheld for Social Security from payments to involuntarily laid off employees, based on this court case which indicated such payments are Unemployment Compensation and thus exempt from Social Security.

A claim with the correct total amount will follow if or when the court ruling is final.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

PRESIDENT ____________ Date 9/27/2002
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

____________ Date 9/27/2002
Signature

B5

The
Outsource
Group

1646 N. California Blvd, Suite 210
Walnut Creek, CA 94596
Tel: 925/280-1200
Fax: 925/280-1532
http://www.tog-usa.com

September 27, 2002

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201

Dear Sir or Madam:

Attached is our form 843, Claim for Refund and Request for Abatement, for potential refunds of Social Security withheld from payments to involuntarily terminated employees in calendar year 2000. This provisional request for refund is based on the April 1, 2002 court case of CSX Corporation v. United States, No. 95-858, in which the court ruled that the above referenced payments are actually unemployment compensation payments, exempt from Social Security tax withholding.

This claim falls within the legal allowable limit of 3 years for refunds from the 2000 calendar year.

If or when the law regarding this becomes final, our company will then file a claim for actual amounts withheld during the 2000 calendar year.

Questions can be directed to our Payroll Tax Accountant, Bill Schmalle, at 925-279-7348.

Sincerely,

Kevin Grauman
President & CEO

Attachment

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024 B6

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

*Do not use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see* **General Instructions***).*

Please type or print

| | |
|---|---|
| Name of claimant: THE OUTSOURCE GROUP LLC | Your social security number |
| Address (number, street, and room or suite no.): 1646 N CALIFORNIA BLVD., SUITE 210 | Spouse's social security number |
| City or town, state, and ZIP code: WALNUT CREEK, CA 94596 | Employer identification number: 94-3286045 |
| Name and address shown on return if different from above | Daytime telephone number: 925-279-7348 |

1 Period — prepare a separate Form 843 for each tax period
From JANUARY 1, 2000 to DECEMBER 31, 2000

2 Amount to be refunded or abated: $ 1.00 OR MORE

3a Type of tax, penalty, or addition to tax:
☒ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ ________

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☒ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

4a Request for abatement or refund of:
☐ Interest caused by IRS errors or delays (if applicable — see instructions).
☒ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ JANUARY 1, 2000 TO DECEMBER 31, 2000

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

This is a PROVISIONAL CLAIM based on the recent court ruling in case CSX Corporation v. United States, No. 95-858. dated April 1, 2002. We are claiming, provisionally, any and all amounts withheld for Social Security from payments to involuntarily laid off employees, based on this court case which indicated such payments are Unemployment Compensation and thus exempt from Social Security.

A claim with the correct total amount will follow if or when the court ruling is final.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

[signature] PRESIDENT — Date: 9/27/2002
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Signature — Date: 9/27/2002

C1

Internal Revenue Service
1301 Clay Street, Suite 895S
Oakland, CA 94612

Department of the Treasury

Taxpayer Identification Number:
94-3286045
Kind of Tax:
Employment - 941
Tax Period(s) Ended
03/31/1999,06/30/1999,09/30/1999,12/31/1999
Amount of Claim:
$1.00 or more
Date Claim Received:
April 7, 2003
Person to Contact:
C. Cooper

Contact Telephone Number:
(510) 637-3042
Employee Identification Number:
94-06474

Date: SEP 21 2005

Outsource Group LLC
Grauman Kevin D Member
1646 N. California Blvd Suite 210
Walnut Creek, CA 94596-4158

Dear Outsource Group:

We are sorry, but we cannot allow your claim for an adjustment to your tax, for the reasons stated below. This letter is your legal notice that we have fully disallowed your claim.

If you wish to bring suit or proceedings for the recovery of any tax, penalties, or other moneys for which this disallowance notice is issued, you may do so by filing suit with the United States District Court having jurisdiction, or the United States Claims Court. The law permits you to do this within 2 years from the mailing date of this letter. However, if you signed a *Waiver of Statutory Notification of Claim Disallowance*, Form 2297, the period for bringing suit began to run on the date you filed the waiver.

We have enclosed Publication 5, *Your Appeal Rights and How to Prepare a Protest If You Don't Agree*, and Publication 594, *The IRS Collection Process*, if additional tax is due.

C2

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

Sincerely yours,

L. Alvarado

Leo V. Alvarado
Technical Services Territory Manager

Enclosures:
Publication 5
☒ Publication 594

Reasons for disallowance:

We disallowed your claim in full based on Tax Court decision CSX Corporation v. The United States, 58 Fed.Cl.341.

58 fed. Cl. 341

Internal Revenue Service
1301 Clay Street, Suite 895S
Oakland, CA 94612

Department of the Treasury

Taxpayer Identification Number:
94-3286045
Kind of Tax:
Employment - 941
Tax Period(s) Ended
03/31/1999,06/30/1999,09/30/1999,12/31/1999
Amount of Claim:
$1.00 or more
Date Claim Received:
April 7, 2003
Person to Contact:
C. Cooper

Contact Telephone Number:
(510) 637-3042
Employee Identification Number:
94-06474

Date: SEP 22 2005

Outsource Group LLC
Grauman Kevin D Member
1646 N. California Blvd Suite 210
Walnut Creek, CA 94596-4158

Dear Outsource Group:

We are sorry, but we cannot allow your claim for an adjustment to your tax, for the reasons stated below. This letter is your legal notice that we have fully disallowed your claim.

If you wish to bring suit or proceedings for the recovery of any tax, penalties, or other moneys for which this disallowance notice is issued, you may do so by filing suit with the United States District Court having jurisdiction, or the United States Claims Court. The law permits you to do this within 2 years from the mailing date of this letter. However, if you signed a *Waiver of Statutory Notification of Claim Disallowance*, Form 2297, the period for bringing suit began to run on the date you filed the waiver.

We have enclosed Publication 5, *Your Appeal Rights and How to Prepare a Protest If You Don't Agree*, and Publication 594, *The IRS Collection Process*, if additional tax is due.

(over)

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

Sincerely yours,

L. Alvarado

Leo V. Alvarado
Technical Services Territory Manager

Enclosures:
Publication 5
☒ Publication 594

Reasons for disallowance:

We disallowed your claim in full based on Tax Court decision CSX Corporation v. The United States, 58 Fed.Cl.341.

58 fed. Cl. 341

The
Outsource
Group

1646 N. California Blvd, Suite 210
Walnut Creek, CA 94596
Tel: 925/280-1200
Fax: 925/280-1532
http://www.tog-usa.com

September 27, 2002

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201

Dear Sir or Madam:

Attached is our form 843, Claim for Refund and Request for Abatement, for potential refunds of Social Security withheld from payments to involuntarily terminated employees in calendar year 2000. This provisional request for refund is based on the April 1, 2002 court case of CSX Corporation v. United States, No. 95-858, in which the court ruled that the above referenced payments are actually unemployment compensation payments, exempt from Social Security tax withholding.

This claim falls within the legal allowable limit of 3 years for refunds from the 2000 calendar year.

If or when the law regarding this becomes final, our company will then file a claim for actual amounts withheld during the 2000 calendar year.

Questions can be directed to our Payroll Tax Accountant, Bill Schmalle, at 925-279-7348.

Sincerely,

Kevin Grauman
President & CEO

Attachment

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

| | |
|---|---|
| Name of claimant<br>THE OUTSOURCE GROUP LLC | Your social security number |
| Address (number, street, and room or suite no.)<br>1646 N CALIFORNIA BLVD., SUITE 210 | Spouse's social security number |
| City or town, state, and ZIP code<br>WALNUT CREEK, CA 94596 | Employer identification number<br>94-3286045 |
| Name and address shown on return if different from above | Daytime telephone number<br>925-279-7348 |

1 Period — prepare a separate Form 843 for each tax period
From JANUARY 1, 2000 to DECEMBER 31, 2000

2 Amount to be refunded or abated $ 1.00 OR MORE

3a Type of tax, penalty, or addition to tax:
☒ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☒ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

4a Request for abatement or refund of:
☐ Interest caused by IRS errors or delays (if applicable — see instructions).
☒ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ JANUARY 1, 2000 TO DECEMBER 31, 2000

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

This is a PROVISIONAL CLAIM based on the recent court ruling in case CSX Corporation v. United States, No. 95-858. dated April 1, 2002. We are claiming, provisionally, any and all amounts withheld for Social Security from payments to involuntarily laid off employees, based on this court case which indicated such payments are Unemployment Compensation and thus exempt from Social Security.

A claim with the correct total amount will follow if or when the court ruling is final.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

[signature] PRESIDENT — 9/27/2002
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) — Date

9/27/2002
Signature — Date

For Paperwork Reduction Act Notice, see separate instructions.

Form 843 (Rev. 1-97)

ISA
STF FED1524F

**Internal Revenue Service**
1301 Clay Street, Suite 895S
Oakland, CA 94612

**Department of the Treasury**

**Taxpayer Identification Number:**
94-3286045
**Kind of Tax:**
Employment - 941
**Tax Period(s) Ended**
03/31/2000, 06/30/2000,09/30/2000,12/31/2000
**Amount of Claim:**
$1.00 or more
**Date Claim Received:**
April 7, 2003
**Person to Contact:**
C. Cooper
**Contact Telephone Number:**
(510) 637-3042
**Employee Identification Number:**
94-06474

**Date:** SEP 22 2005

Outsource Group LLC
Grauman Kevin D Member
1646 N. California Blvd Suite 210
Walnut Creek, CA 94596-4158

Dear Outsource Group:

We are sorry, but we cannot allow your claim for an adjustment to your tax, for the reasons stated below. This letter is your legal notice that we have fully disallowed your claim.

If you wish to bring suit or proceedings for the recovery of any tax, penalties, or other moneys for which this disallowance notice is issued, you may do so by filing suit with the United States District Court having jurisdiction, or the United States Claims Court. The law permits you to do this within 2 years from the mailing date of this letter. However, if you signed a *Waiver of Statutory Notification of Claim Disallowance*, Form 2297, the period for bringing suit began to run on the date you filed the waiver.

We have enclosed Publication 5, *Your Appeal Rights and How to Prepare a Protest If You Don't Agree*, and Publication 594, *The IRS Collection Process*, if additional tax is due.

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

Sincerely yours,

Leo V. Alvarado
Technical Services Territory Manager

Enclosures:
Publication 5
☒ Publication 594

Reasons for disallowance:

We disallowed your claim in full based on Tax Court decision CSX Corporation v. The United States, 58 Fed.Cl.341.

The
Outsource
Group

1646 N. California Blvd, Suite 210
Walnut Creek, CA 94596
Tel: 925/280-1200
Fax: 925/280-1532
http://www.tog-usa.com

September 27, 2002

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201

Dear Sir or Madam:

Attached is our form 843, Claim for Refund and Request for Abatement, for potential refunds of Social Security withheld from payments to involuntarily terminated employees in calendar year 2001. This provisional request for refund is based on the April 1, 2002 court case of CSX Corporation v. United States, No. 95-858, in which the court ruled that the above referenced payments are actually unemployment compensation payments, exempt from Social Security tax withholding.

This claim falls within the legal allowable limit of 3 years for refunds from the 2001 calendar year.

If or when the law regarding this becomes final, our company will then file a claim for actual amounts withheld during the 2001 calendar year.

Questions can be directed to our Payroll Tax Accountant, Bill Schmalle, at 925-279-7348.

Sincerely,

Kevin Grauman
President & CEO

Attachment

Form **843**
(Rev. January 1997)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

**Do not** *use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see* **General Instructions**).

Please type or print

| | |
|---|---|
| Name of claimant<br>THE OUTSOURCE GROUP LLC | Your social security number |
| Address (number, street, and room or suite no.)<br>1646 N CALIFORNIA BLVD., SUITE 210 | Spouse's social security number |
| City or town, state, and ZIP code<br>WALNUT CREEK, CA 94596 | Employer identification number<br>94-3286045 |
| Name and address shown on return if different from above | Daytime telephone number<br>925-279-7348 |

1 Period — prepare a separate Form 843 for each tax period
From JANUARY 1 , 19 2001 to DECEMBER 31 , 19 2001

2 Amount to be refunded or abated
$ 1.00 OR MORE

3a Type of tax, penalty, or addition to tax:
☒ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ ______

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☒ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

4a Request for abatement or refund of:
☐ Interest caused by IRS errors or delays (if applicable — see instructions).
☒ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ JANUARY 1, 2001 TO DECEMBER 31, 2001

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

This is a PROVISIONAL CLAIM based on the recent court ruling in case CSX Corporation v. United States, No. 95-858. dated April 1, 2002. We are claiming, provisionally, any and all amounts withheld for Social Security from payments to involuntarily laid off employees, based on this court case which indicated such payments are Unemployment Compensation and thus exempt from Social Security.

A claim with the correct total amount will follow if or when the court ruling is final.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

PRESIDENT — 9/27/2002
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) — Date

9/27/2002
Signature — Date

**For Paperwork Reduction Act Notice, see separate instructions.** Form **843** (Rev. 1-97)
ISA
STF FED1524F

**Internal Revenue Service**
1301 Clay Street, Suite 895S
Oakland, CA 94612

**Department of the Treasury**

**Taxpayer Identification Number:**
94-3286045
**Kind of Tax:**
Employment - 941
**Tax Period(s) Ended**
03/31/2001,06/30/2001,09/30/2001,12/31/2001
**Amount of Claim:**
$1.00 or more
**Date Claim Received:**
April 7, 2003
**Person to Contact:**
C. Cooper
**Contact Telephone Number:**
(510) 637-3042
**Employee Identification Number:**
94-06474

**Date:** SEP 2 2 2005

Outsource Group LLC
Grauman Kevin D Member
1646 N. California Blvd Suite 210
Walnut Creek, CA 94596-4158

Dear Outsource Group:

We are sorry, but we cannot allow your claim for an adjustment to your tax, for the reasons stated below. This letter is your legal notice that we have fully disallowed your claim.

If you wish to bring suit or proceedings for the recovery of any tax, penalties, or other moneys for which this disallowance notice is issued, you may do so by filing suit with the United States District Court having jurisdiction, or the United States Claims Court. The law permits you to do this within 2 years from the mailing date of this letter. However, if you signed a *Waiver of Statutory Notification of Claim Disallowance*, Form 2297, the period for bringing suit began to run on the date you filed the waiver.

We have enclosed Publication 5, *Your Appeal Rights and How to Prepare a Protest If You Don't Agree,* and Publication 594, *The IRS Collection Process,* if additional tax is due.

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

Sincerely yours,

Leo V. Alvarado
Technical Services Territory Manager

Enclosures:
Publication 5
☒ Publication 594

Reasons for disallowance:

We disallowed your claim in full based on Tax Court decision CSX Corporation v. The United States, 58 Fed.Cl.341.

**PROOF OF SERVICE BY FEDERAL EXPRESS**

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On September 20, 2007, I deposited with Federal Express, a true and correct copy of the within documents:

**COMPLAINT FOR TAX REFUND**

in a sealed envelope, addressed as follows:

**Clerk, U.S. Court of Federal Claims**, 717 Madison Place, NW, Room 13, Washington, D.C. 20005.

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Tami Cato, Legal Secretary
Littler Mendelson, P.C.

September 20, 2007

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940